UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND et al.,<br><br>Plaintiffs,<br>v.<br><br>BARRY CIVIL CONSTRUCTION, INC.,<br><br>Defendant. | CASE NO. 2:22-cv-01166-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. For the reasons discussed below, the Court orders counsel for Defendant Barry Civil Construction, Inc. ("Barry") to show cause why he should not be individually sanctioned for violating the Local Civil Rules.

**I.   BACKGROUND**

Plaintiffs sued Barry on August 22, 2022, alleging that it breached various contracts by failing to timely make employee benefit contributions. Dkt. No. 1.

ORDER TO SHOW CAUSE - 1

The Court entered a scheduling order on November 28, 2022. Dkt. No. 10. On July 13, 2023, about half a month prior to the original dispositive motions deadline, the parties filed a stipulated motion to continue that deadline, stating that "[t]he parties are engaged in settlement negotiations" and "believe a 60-day extension of the dispositive motions deadline . . . would allow enough time to finalize settlement." Dkt. No. 14 at 2. The Court then continued the dispositive motions deadline to September 29, 2023. Dkt. No. 15.

On that date, Plaintiffs filed a motion for summary judgment. Dkt. No. 16. Instead of filing a substantive response to Plaintiff's motion on the response due date, and despite conceding that "it was too late, in accordance with court rules, for defense counsel to withdraw from the case," Barry filed a brief stating that its counsel was "not in the position to file a substantive response" to Plaintiffs' motion because Barry "can no longer afford to pay for the services of its current legal counsel." Dkt. No. 21 at 3. In that response brief, Barry requested an extension of time so it could replace its counsel and file a proper response to Plaintiffs' motion. Dkt. No. 21 at 3–4.[1]

## II.  DISCUSSION

As Barry's counsel acknowledges, the Washington Rules of Professional Conduct do not permit an attorney to withdraw from representation at any time.[2] Rule 1.16(c) requires lawyers to "comply with applicable law requiring notice to or permission of a tribunal when terminating a representation" and to "continue representation notwithstanding good cause for terminating the representation" when "ordered to do so." Under the Local Civil Rules, "[n]o attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court," which must be

---

[1] "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1); *see also Sergeant v. Bank of Am., N.A.*, No. C17-5232-BHS, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018) ("[R]equests for affirmative relief must be made in a motion, not in the response[.]" (citing LCR 7(b)(1), 7(k))).

[2] Local Civil Rule 83.3(a)(2) requires attorneys appearing in this District to comply with the Washington Rules of Professional Conduct.

ORDER TO SHOW CAUSE - 2

obtained "by filing a motion or a stipulation and proposed order for withdrawal[.]" LCR 83.2(b)(1). Because a business entity "must be represented by counsel," an attorney for a business entity who seeks to withdraw representation must certify to the Court that he has "advised the business entity that it is required by law to be represented" by counsel and "failure to obtain a replacement attorney by the date the withdrawal is effective may result in the . . . entry of default against the business entity as to any claims of other parties." LCR 83.2(b)(4). Counsel is required to follow these procedures even if his client consents to withdrawal. *See Curtis v. Illumination Arts, Inc.*, No. C12-0991-JLR, 2013 WL 12107576, at *2 (W.D. Wash. Oct. 22, 2013). Importantly, unless the attorney-client relationship "is terminated as provided in Rule 1.16, a lawyer should carry through to conclusion all matters undertaken for a client." Wash. R. Prof. Conduct 1.3 cmt. 4; *see also In re Disciplinary Proceeding Against DeRuiz*, 99 P.3d 881, 889 (Wash. 2004) ("A lawyer has a duty to carry through to conclusion all matters undertaken for a client, unless the lawyer withdraws."). This is true "despite opposition, obstruction or personal inconvenience to the lawyer." Wash. R. Prof. Conduct 1.3 cmt. 1.

The Court has the authority to discipline an attorney who fails to comply with the Washington Rules of Professional Conduct, including through the assessment of fines. *See* LCR 83.3(c)(3), (c)(4)(F)(iii); *see also Mills v. Zeichner*, No. C23-1130-JLR, 2024 WL 37108, at *4 (W.D. Wash. Jan. 3, 2024). In addition, an attorney who fails to comply with the Local Civil Rules of this Court, who fails to prepare for presentation to the Court, or who needlessly multiplies the proceedings in a case may be subject to sanctions as the Court may deem appropriate. LCR 11(c).

At the time Barry filed its "response," Barry's counsel acknowledged that it was too late to withdraw. Dkt. No. 21 at 3. Despite this, he still attempted to withdraw. This was improper for at least three reasons. First, he made this request in a response brief, and—as noted above—it is procedurally improper to make a request for affirmative relief in this manner. Second, the Local

Civil Rules require an attorney seeking to withdraw to file "a motion or a stipulation and proposed order for withdrawal" containing the required certification, LCR 83.2(b)(1), (4), and Barry's counsel filed neither a motion nor a certification, *see generally* Dkt. Nos. 21–22. Third, despite remaining Barry's counsel with the attendant responsibilities discussed above, and despite acknowledging that it was too late for him to withdraw, Dkt. No. 21 at 3, and that it would be "unfair" for his client to "fac[e] a summary judgment motion without the ability to truly file an appropriate response," Dkt. No. 22 at 2–3, Barry's attorney did not "file a substantive response to Plaintiff's Motion for Summary Judgment," Dkt. No. 21 at 4. *See also Robbins v. Legacy Health Sys., Inc.*, 311 P.3d 96, 102 (Wash. Ct. App. 2013) ("an attorney may ethically withdraw" (with leave of court) "if the client will not be hurt").

Finally, even if the Court were to entertain counsel's procedurally improper request to continue the "motion, and the trial date," Dkt. No. 21 at 3–4[3]—made well after the dispositive motions deadline and without any attempt to show excusable neglect—it would disrupt the Court's calendar, require new rounds of briefing despite the elapsed deadlines for such briefs, and invite more motion practice relating to counsel's withdrawal. *See* LCR 11(c).

### III.  CONCLUSION

Accordingly, Barry's counsel is ORDERED TO SHOW CAUSE, within 30 days of the date of this Order, why he should not be individually sanctioned for failing to comply with the Local Civil Rules.

Dated this 15th day of February, 2024.

*Lauren King*

Lauren King
United States District Judge

---

[3] To be clear, the Court will not consider the procedurally improper requests in Barry's response.