UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BARRY CIVIL CONSTRUCTION, INC.,<br><br>Defendant. | CASE NO. 2:22-cv-01166-LK<br><br>ORDER DEFERRING RULING ON ORDER TO SHOW CAUSE |

On February 15, 2024, the Court ordered counsel for Defendant Barry Civil Construction, Inc. ("Barry") to show cause why he should not be sanctioned for violating the Local Civil Rules. Dkt. No. 25; *see also* Dkt. No. 16. On March 15, 2024, Barry's counsel timely filed a response to the Court's order. Dkt. No. 26. As discussed below, the Court defers ruling on its Order to Show Cause pending counsel's compliance with this Order.

ORDER DEFERRING RULING ON ORDER TO SHOW CAUSE - 1

I. BACKGROUND

On September 29, 2023, Plaintiffs filed a motion for summary judgment. Dkt. No. 16. Instead of filing a proper response on the due date, and despite conceding that "it was too late, in accordance with court rules, for defense counsel to withdraw from the case," Barry filed a brief stating that its counsel was "not in the position to file a substantive response" to Plaintiffs' motion because Barry "can no longer afford to pay for the services of its current legal counsel." Dkt. No. 21 at 3. In that response brief, Barry requested an extension of time so it could replace its counsel and file a proper opposition to Plaintiffs' motion. *Id.* at 3–4.

On February 15, 2024, the Court ordered Barry's counsel to show cause why he should not be individually sanctioned for violating the Local Civil Rules. Dkt. No. 25 at 1, 4. It observed that Barry's counsel had neither withdrawn nor filed a proper motion to withdraw by the time Barry's response was due, and therefore he was obligated to continue representing Barry in accordance with the Local Civil Rules and Washington Rules of Professional Conduct. *Id.* at 2–4. It further observed that Barry's request for affirmative relief in its response brief was improper. *Id.* at 3.

II. DISCUSSION

The Court has the authority to discipline an attorney who fails to comply with the Rules of Professional Conduct, including through the assessment of fines. *See* LCR 83.3(c)(3), (c)(4)(F)(iii); *see also Mills v. Zeichner*, No. C23-1130-JLR, 2024 WL 37108, at *4 (W.D. Wash. Jan. 3, 2024). In addition, an attorney who fails to comply with the Local Civil Rules of this Court, who fails to prepare for presentation to the Court, or who needlessly multiplies the proceedings in a case may be subject to sanctions as the Court may deem appropriate. LCR 11(c).

In his response to the Order to Show Cause, counsel explains that settlement discussions aimed at reaching a "global settlement" to allow Barry "to continue to operate while satisfying existing judgments and avoiding one in this case" continued "right up to the deadline to file

dispositive motions" and ultimately failed. Dkt. No. 26 at 3. At that point, counsel did not have "organized information that would have allowed [him] to file a coherent response to the Summary Judgment Motion." *Id.* at 4. Counsel emphasizes that he did not want to withdraw because his client "would be unable to secure counsel and would likely face a default," but he also maintains that he runs a "small office that simply cannot carry large balances for clients[.]" *Id.* at 3–4. Counsel avers that he filed the request for a continuance to allow substitution and/or withdrawal at his client's request. *Id.* at 4, 6. And finally, counsel asserts that he interpreted the Court's striking of the trial date "to mean that the court had decided to either resolve the motion on Summary Judgment or allow more time as [he] requested." *Id.* at 4–5. The Court addresses each point in turn.

First, settlement negotiations—while admirable and encouraged—do not excuse a party's obligation to comply with the Court's scheduling order. *See Fox v. State Farm Ins. Co.*, No. C15-535-RAJ, 2016 WL 304784, at *4 (W.D. Wash. Jan. 26, 2016); *Williams v. Vilsack*, No. C19-0444-JCC, 2021 WL 3540586, at *4 (W.D. Wash. July 6, 2021). Counsel therefore was not excused from completing any requisite discovery and complying with the dispositive motions deadlines, *see* Dkt. No. 10 at 3; Dkt. No. 15, simply because settlement negotiations were ongoing.

Second, given that counsel was aware of (1) the response deadline, (2) the rules regarding timing of continuances and withdrawals, LCR 7(j), 83.2(b)(1), (3) his lack of "the substantive facts and information to support an honest and accurate response to [Plaintiffs'] Summary Judgment motion," Dkt. No. 26 at 4, and (4) his client's inability to pay him, counsel should have either timely moved for a continuance or timely moved to withdraw. In any event, counsel does not explain in his response—nor can the Court discern—what additional information he needs to file a substantive opposition to Plaintiffs' motion. *See, e.g.*, Dkt. No. 27 at 4 (noting that documentation

relevant to Plaintiffs' audits was sent to counsel).[1] The Court does not mean to suggest that a responding party is always required to substantively oppose a motion; for example, although a response brief is required, LCR 7(b)(2), a party may not fabricate a factual or legal basis to substantively oppose a motion if none exists, Wash. R. Prof. Conduct 3.3. But here, Barry "dispute[s] the sums being sought by Plaintiff[s]," Dkt. No. 27 at 4, and wished to "respond to [Plaintiffs'] motion," Dkt. No. 21 at 3. Counsel did not do so "because [Barry] c[ould] no longer afford to pay for [his] services." *Id.*; *see also* Dkt. No. 22 at 2–3 (acknowledging that it would be "unfair" to Barry if it could not "file an appropriate response").

Third, a client's request does not alter the law. It was improper to substitute Barry's opposition to Plaintiffs' motion with a request for a continuance to find alternate counsel and/or to withdraw. The applicable rules of procedure state that "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1); LCR 7(b)(1); *see also Sergeant v. Bank of Am., N.A.*, No. C17-5232-BHS, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018) ("[R]equests for affirmative relief must be made in a motion, not in the response[.]" (citing LCR 7(b)(1), 7(k))). Motions for relief from a deadline must, "whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." LCR 7(j). And until an attorney withdraws pursuant to the Local Civil Rules and the Rules of Professional Conduct, he must continue his representation of his client. LCR 83.2(b)(1), 83.2(b)(4), 83.3(a)(2); Wash. R. Prof. Conduct 1.3 cmt. 4, 1.16(c). Therefore, despite any instructions from his client that conflicted with court rules or procedure, counsel should have complied with applicable law.

---

[1] To be clear, the Court will not consider a motion for a continuance of the discovery deadline at this point. *See Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989).

ORDER DEFERRING RULING ON ORDER TO SHOW CAUSE - 4

Finally, the Court struck the trial date long before Barry's response was filed. There was no basis to interpret the Court's October 2, 2023 order striking the trial to mean that it had decided to "allow more time as [Barry] requested" in the response he filed three weeks later. *Compare* Dkt. No. 20, *with* Dkt. No. 26 at 5.

Although the Court sympathizes with the position counsel found himself in, the Court defers ruling on its Order to Show Cause. The Rules of Professional Conduct provide that, unless the attorney-client relationship "is terminated as provided in Rule 1.16, a lawyer should carry through to conclusion all matters undertaken for a client." Wash. R. Prof. Conduct 1.3 cmt. 4. This is true "despite opposition, obstruction or personal inconvenience to the lawyer[.]" *Id.* cmt. 1. Accordingly, counsel must either (1) file a proper response to Plaintiffs' motion for summary judgment, as well as any other related briefing that may be appropriate; and/or (2) move to withdraw to the extent permitted under Rule of Professional Conduct 1.16, Local Civil Rule 83.2, and other applicable law; provided, however, that under these circumstances, the Court will not permit counsel to withdraw prior to filing a response to the summary judgment motion based on Barry's inability to pay counsel for his work on such response. Wash. R. Prof. Conduct 1.16(b)(6).[2] The Court will discharge its Order to Show Cause once counsel complies with this Order.

### III.  CONCLUSION

For the foregoing reasons, the Court ORDERS the following:

1.  Within 30 days of the date of this Order, counsel for Barry must file:

    a.  a response to Plaintiffs' motion for summary judgment that complies with Local Civil Rule 7(b)(2) and other applicable law; and/or

---

[2] The Court notes that Plaintiffs filed a reply to Barry's "response" to their summary judgment motion stating that they "do not contest providing Barry . . . a reasonable amount of time to retain an attorney to draft a response to the Plaintiff[s]' motion for summary judgment." Dkt. No. 23 at 2.

    b.  a motion to withdraw that complies with Rule of Professional Conduct 1.16, Local Civil Rule 83.2, and other applicable law; provided, however, that under these circumstances, the Court will not permit counsel to withdraw prior to filing a response to the summary judgment motion based on Barry's inability to pay counsel for his work on such response. Wash. R. Prof. Conduct 1.16(b)(6).

2. If Barry files a timely response to Plaintiffs' motion for summary judgment:

  a. Plaintiffs must file a reply within five business days;

  b. the Court will re-note Plaintiffs' motion for summary judgment, Dkt. No. 16, accordingly; and

  c. Barry must file additional briefing on the motion if such briefing is warranted in the professional judgment of Barry's counsel after consulting with his client, *see, e.g.*, LCR 7(g).

3. Nothing in this Order precludes counsel for Barry from moving to withdraw in accordance with applicable law after May 2, 2024.

The Court will discharge its Order to Show Cause once Barry's counsel complies with this Order.

Dated this 2nd day of April, 2024.

*Lauren King*
Lauren King
United States District Judge

ORDER DEFERRING RULING ON ORDER TO SHOW CAUSE - 6